UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALEKSANDRA MILUTINOVIC,

    Plaintiff,

    v.

BANK OF AMERICA, N.A. and SELENE
FINANCE, L.P.,

    Defendants.

Case No. C25-2636-RSM

ORDER GRANTING MOTION TO
REMAND

This matter comes before the Court on Plaintiff's Motion to Remand. Dkt. #17. Defendant Selene Finance, L.P. ("Selene") opposes. Dkt. #22. For the following reasons, the Court GRANTS Plaintiff's Motion.

On March 24, 2025, Plaintiff filed this action in King County Superior Court alleging only state law claims under the Washington Consumer Protection Act ("CPA"). Dkt. #1-1. Plaintiff then filed a First Amended Complaint ("FAC") on November 20, 2025. *Id*. at Ex. 2. At Count III of the FAC, Plaintiff brings a claim of statutory negligence, citing to the Real Estate Settlement Procedures Act ("RESPA), 12 C.F.R. §§ 1024.17(k) and 1024.33, and states that this claim is "RESPA-Based." *Id*. at 7.

Selene removed the case on December 19, 2025, alleging federal question jurisdiction under 28 U.S.C. § 1331 due to the RESPA claim. Dkt. #1 at 2. Plaintiff filed the instant Motion

ORDER GRANTING MOTION TO REMAND - 1

on January 20, 2026, contending that this Court lacks jurisdiction because "the FAC shows only state claims with RESPA as an incorporated standard, not a federal cause of action." Dkt. #17 at 9.

An action may be removed to federal court only if it could have been originally brought in federal court. 28 U.S.C. § 1441(a). "The defendant bears the burden of establishing that removal is proper." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). Removal is typically proper if the complaint raises a federal question or where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a). Any doubt as to the right of removal is resolved in favor of remand. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Courts "strictly construe the removal statute against removal jurisdiction." *Id*. "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id*. (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-290, 58 S. Ct. 586, 82 L. Ed. 845 (1938)).

The "mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 813 (1986). The Supreme Court has not stated "a single-precise, all-embracing test for jurisdiction over federal issues embedded in state-law claims[.]" *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005) (internal quotations omitted). "A state cause of action invokes federal question jurisdiction only if it 'necessarily raise[s] a stated federal issue, actually disputed and substantial[.]" *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 674 (9th Cir. 2012).

//

ORDER GRANTING MOTION TO REMAND - 2

While the FAC does appear to raise a RESPA claim[1], it is clear to the Court that Plaintiff is exclusively raising state law claims. As Selene argues (*see* Dkt. #22 at 3), 12 C.F.R. 1024.17(k) does not provide a private right of action, and Washington law incorporates the standards provided by RESPA. *See*, *e.g.*, WAC 208-620-010; RCW 31.04.025. Thus, Plaintiff's claim at Count III only makes sense as a state-law claim. Though, again, the FAC does not clearly demonstrate this as worded, the Court finds that any "federal issues here are not pivotal" to Plaintiff's case. *Nevada*, 672 F.3d at 675. "The Supreme Court has instructed federal courts to approach 28 U.S.C. § 1331 'with an eye to practicality and necessity.'" *Id*. (quoting *Merrell Dow*, 478 U.S. at 810. "State courts frequently handle state-law consumer protection suits that refer to or are predicated on standards set forth in federal statutes." *Id*. at 676. Accordingly, the Court will remand this case.

Having considered the instant Motion, responsive briefing, and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's Motion to Remand, Dkt. #17, is GRANTED. This case is REMANDED to King County Superior Court. All other pending motions are STRICKEN as moot. This matter is now CLOSED.

DATED this 26th day of February, 2026.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

---

[1] Given this, the Court will deny Plaintiff's request for fees pursuant to 28 U.S.C. § 1447(c). *See* Dkt. #17 at 8-9.

ORDER GRANTING MOTION TO REMAND - 3